IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles Chinners, ) | |
| ) | C/A No. 2:10-cv-0126-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| General Electric Capital Corporation ) | **ORDER AND OPINION** |
| doing business as GE Money, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Charles Chinners ("Plaintiff") filed this action on January 15, 2010. Entry 1. Plaintiff asserts three causes of action: fraud; negligence; and a violation of the South Carolina Unfair Trade Practices Act ("South Carolina UTPA"), S.C. Code Ann. § 39-5-20(a). Entry 1-1. This matter is before the court on Defendant General Electric Capital Corporation's "(Defendant")[1] motion for summary judgment. Plaintiff did not file a response to Defendant's motion for summary judgment. For the reasons set forth below, the court grants Defendant's motion for summary judgment.

### I. FACTS

Plaintiff alleges that in March 2006 Defendant issued a credit card to Anna T. Ramroth ("Ramroth"). In the credit card application, Ramroth listed herself as the primary applicant and listed Plaintiff as a guarantor or co-applicant. Plaintiff alleges that Defendant did not contact him to verify his consent to being listed as a co-applicant on the credit card application. Plaintiff alleges that he first learned of the credit card account when he checked his credit report after he began

---

[1] In its motion for summary judgment, Defendant states that it was improperly named as "General Electric Capital Corporation d/b/a GE Money." Defendant states that its proper name is "GE Money Bank, FSB."

receiving delinquent notices from his bank and other creditors. In November 2006, Plaintiff informed Defendant that he did not authorize Ramroth to list him as a co-applicant on the credit card application, and Defendant began an investigation into the matter. After Defendant completed its investigation, Defendant submitted a Universal Data Form to all relevant credit reporting agencies requesting that the delinquent credit card account be removed from Plaintiff's credit reports due to fraud.

## II. DISCUSSION

Defendant has moved for summary judgment. Summary judgment should be granted only in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify application of the law. McKinney v. Bd. of Trustees of Maryland Cmty. College, 955 F.2d 924, 928 (4th Cir. 1992). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). An issue of fact is "material" only if establishment of the fact might affect the outcome of the lawsuit under the governing substantive law. Anderson, 477 U.S. at 248.

The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this case, Defendant is the moving party. Once Defendant makes this showing, Plaintiff,

2

as the nonmoving party, must set forth specific facts showing there is a genuine issue for trial. Id. Plaintiff may not rest on his pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. See Celotex, 477 U.S. at 324. Mere speculation cannot stave off a properly supported motion for summary judgment. See Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). As the Anderson Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

Defendant asserts that summary judgment should be granted in its favor because Plaintiff's claims are not actionable. The court agrees.

There is no genuine issue of material fact as to whether Plaintiff is entitled to recovery on his fraud claim. To state a cause of action for fraud, a plaintiff must allege "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) his intent that it should be acted upon by the person; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury." Jones v. Cooper, 234 S.C. 477, 482, 109 S.E.2d 5, 7 (S.C. 1959). A plaintiff's complaint "must allege facts which would afford a basis upon which a jury could properly find support for each of the elements above set forth, and if the complaint fails to allege facts to support any one of the elements of fraud and deceit, then the complaint is fatally defective." Mut. Sav. & Loan Ass'n v. McKenzie, 274 S.C. 630, 633, 266 S.E.2d 423, 425 (S.C. 1980) (citing Jones, 234 S.C. at 7-8). Defendant argues that because Plaintiff does not allege that Defendant made any false representation of material fact to him, Defendant cannot prove that he relied upon or had the right to rely upon the truth of any alleged misrepresentation since all representations were allegedly made to third party credit reporting

3

agencies. The court agrees. Moreover, Plaintiff does not allege that Defendant knew that the statements it made to the credit reporting agencies where false when made. Because Defendant has failed to allege facts supporting each of the nine elements of fraud, the court concludes that Plaintiff does not have an actionable claim for fraud.

Likewise, Plaintiff's negligence claim is not actionable. To state a cause of action for negligence, a plaintiff must prove "(1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by negligent act or omission, and (3) damage proximately caused by the breach." Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003) (citing Doe v. Batson, 548 S.E.2d 854 (S.C. 2001)). Here, Plaintiff has failed to show that Defendant owed a duty of care to him in issuing the credit card to Ramroth. See id. at 277 (declining to recognize a legal duty of care between credit card issuers and persons whose identities may have been stolen). Because Plaintiff has not shown that Defendant owed a duty to him, the court concludes that there is no material issue of fact as to whether Plaintiff can recover on his negligence claim. See id. at 276 (stating that "[i]f there is no duty, the defendant is entitled to judgment as a matter of law").

As to Plaintiff's claim under South Carolina's UTPA, Plaintiff asserts that Defendant engaged in unfair trade practices by not verifying his consent to being listed as a co-applicant on the credit card application. The South Carolina UTPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20(a). As Defendant properly notes, it cannot be held liable for committing an unfair trade practice because it had no legal duty to verify that Plaintiff was not a victim of identity theft. See Huggins, 585 S.E.2d at 277. Plaintiff's claim under the South Carolina UTPA is not actionable.

4

The court finds that Defendant, as the moving party, satisfied its burden under Celotex of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. See Celotex, 477 U.S. at 322-23. Because Plaintiff did not file a response in opposition to Defendant's motion for summary judgment, the court finds that Plaintiff has failed to satisfy its burden under Celotex of setting forth specific facts showing there is a genuine issue for trial. Id. Accordingly, the court concludes that there no genuine issue as to any material fact in this case. Thus, pursuant to Rule 56, summary judgment in Defendant's favor is appropriate.

### III. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment (Entry 14) is granted. This case is hereby dismissed with prejudice.

**IT IS ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

June 22, 2010

Columbia, South Carolina